***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter. *Page 2 
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Plaintiff alleges to have sustained a compensable injury on May 31, 2007.
5. At the time of the alleged injury, Plaintiff's average weekly wage was $295.72, yielding a compensation rate of $197.16, subject to verification by a Form 22 and supporting wage records.
6. Plaintiff contends she has been out of work as the result of her alleged injury by accident since August 7, 2007.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the undersigned, Plaintiff was 53 years old with a high school diploma.
2. Plaintiff's work history consists of mostly industrial and factory work.
3. In April 2007, Defendant-Employer hired Plaintiff in the position as a scanner. In this position, Plaintiff inspected products returned from the stores and sorted the items according to their condition and level of damage. Plaintiff was also required to keep her station clean and free of clutter.
4. On May 31, 2007, Plaintiff suffered an injury by accident while she was cleaning her workstation under the conveyor belt. As she was reaching for some boxes, Plaintiff hit the *Page 3 
side of her head on a beam. The next day, Plaintiff reported the accident to her supervisor. The Sunday following the accident, Plaintiff began experiencing problems maintaining her balance.
5. On Monday following the accident, Plaintiff informed the General Manager, Bruce Stoler, of her falling episodes. Mr. Stoler directed Plaintiff to seek treatment at Rowan Regional Medical Center. Plaintiff complied, reporting complaints of headache, dizziness, and trouble maintaining her balance. She was diagnosed with a closed-head injury and concussion.
6. Plaintiff returned to work after her emergency room treatment, but did not complete her shift due to dizziness and vertigo. At work, Plaintiff experienced frequent headaches with neck pain radiating across her shoulders and down her back.
7. On June 7, 2007, Plaintiff presented to Davie County Hospital where she was provided with light duty work restrictions and no lifting over ten (10) pounds. Defendant-Employer attempted to accommodate Plaintiff's light duty work by offering two different light duty positions.
8. Plaintiff's first light duty position involved sweeping the warehouse. Standing on her feet intensified Plaintiff's vertigo and dizziness, which made it difficult to complete this task.
9. As a result of her difficulty with sweeping the warehouse, Defendant-Employer assigned Plaintiff to operate the garbage compactor at the facility. Plaintiff sat near a garbage compactor and pushed a button to operate the compactor when forklift trucks dumped trash into the dumpster. Plastic curtains were used to reduce the fumes emanating from the dumpster, which was located outside of the facility. There was no air-conditioning in the area where Plaintiff worked with temperatures reaching approximately 95 degrees. Due to the fumes from the dumpster and constant banging and motion of the forklifts near the dumpster, Plaintiff felt nauseous and dizzy. *Page 4 
10. Dr. Eliot J. Lewit, a neurologist with a subspecialty in headache disorders, testified that smells and noises can certainly exacerbate headaches, that high temperatures may exacerbate headaches, and that moving around a lot would be expected to cause one's feelings of dizziness and imbalance to worsen.
11. On June 11, 2007, Plaintiff returned to Davie County Hospital with continued complaints of headaches and dizziness. On June 13, 2007, Dr. Ann Bogard, an Ear, Nose, and Throat specialist, evaluated Plaintiff. After performing an electronystagmography and a high frequency headshake test, Dr. Bogard diagnosed Plaintiff with a peripheral site lesion. Dr. Bogard testified that the balance and dizziness issues for which she treated Plaintiff were causally related to her May 31, 2007, injury.
12. On August 13, 2007, after exceeding the number of absences permitted, Plaintiff was terminated by Defendant-Employer.
13. On November 9, 2007, Plaintiff presented to Salem Neurological Center where she was diagnosed with post-concussion syndrome and peripheral vestibulopathy due to head trauma.
14. Upon referral by Dr. Bogard, Dr. Eliot J. Lewit, a neurologist with training in head trauma and a subspecialty in headache disorder, examined and diagnosed Plaintiff with headaches consistent with post-traumatic disorder, neck discomfort relating in part to her underlying headaches and a component of cervical myofascial dysfunction, peripheral vestibular disorder, and anxiety. Dr. Lewit also noted Plaintiff's symptoms of imbalance, vertigo, and dizziness were consistent with the diagnosis of peripheral vestibular disorder.
15. Dr. Lewit recommends an evaluation by a psychiatrist for Plaintiff's anxiety disorder. It is Dr. Lewit's opinion that if Plaintiff's anxiety is effectively treated, she may *Page 5 
experience a degree of improvement in some of her symptoms, such as in her headaches, neck discomfort, and dizziness. Dr. Lewit would defer to the treating psychiatrist on whether Plaintiff's pre-existing anxiety disorder was exacerbated by her May 31, 2007, injury and subsequent conditions.
16. Dr. Lewit opined that Plaintiff's a) peripheral vestibular dysfunction, b) post-traumatic headache disorder, and c) cervical myofascial dysfunction, were caused by her May 31, 2007, injury.
17. Dr. Lewit's opinions are persuasive on the issue of the causation of Plaintiff's injuries.
18. Based on his diagnosis and Plaintiff's continuous symptoms, Dr. Lewit opined that Plaintiff was incapable of performing any work from August 13, 2007, and continuing. The medical evidence supported by Dr. Lewit's opinions compels the conclusion that Plaintiff was unable to work from August 13, 2007, and continuing.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On May 31, 2007, Plaintiff sustained an injury by accident arising out of and in the course of her employment when she unexpectedly struck her head on a beam while cleaning her workstation. N.C. Gen. Stat. § 97-2(6). As a result of her compensable injury, Plaintiff developed peripheral vestibular disorder resulting in imbalance, vertigo, post-traumatic headache disorder, and cervical myofascial dysfunction, which is causally related to her May 31, 2007, injury by accident. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. In order to obtain compensation under the Workers' Compensation Act, the claimant has the burden of proving the existence of his disability and its extent. Hendrix v. Linn-Corriher Corp.,317 N.C. 179, 185-86, 345 S.E.2d 374, 378 (1986). To support a conclusion of disability, the Plaintiff must prove and the Full Commission must find: (a) that Plaintiff was incapable after her injury of earning the same wages she had earned before her injury in the same employment, (2) that Plaintiff was incapable after her injury of earning the same wages she had earned before his injury in any other employment, and (3) that the incapacity to earn was caused by Plaintiff's injury. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). After the Plaintiff proves these elements, the burden shifts to the Employer to show that the Plaintiff is employable. Effingham v. Kroger Co.,149 N.C. App. 105, 111, 561 S.E.2d 287, 292 (2002). In the present case, Plaintiff presented competent evidence of the threeHilliard factors. Given the credible medical evidence and Plaintiff's inability to perform modified duties on a sustained basis as a result of her compensable injury, Plaintiff was temporarily totally disabled and is entitled to temporary total disability beginning August 13, 2007, and continuing until further order of the Commission. Defendants have not shown that suitable jobs are available to Plaintiff and that Plaintiff is capable of obtaining a suitable job, taking into account both physical and vocation limitations. N.C. Gen. Stat. § 97-29.
3. Plaintiff's attempt to return to work in highly modified job activities constituted a trial return to work. N .C. Gen. Stat. § 97-32.1. The greater weight of the evidence establishes that the trial return to work was unsuccessful. As a result of Plaintiff's failure to be able to work in a light duty capacity, Plaintiff is entitled to compensation. N.C. Gen. Stat. §§ 97-32.1 97-29.
4. Plaintiff is entitled to weekly temporary total disability benefits beginning August 13, 2007, and continuing until further order of the Commission. *Page 7 
5. As a result of her compensable injuries, Plaintiff is entitled to receive further medical treatment that would effect a cure, give relief or lessen her period of disability, including an evaluation by a psychiatrist, subject to the limitations of N.C. Gen. Stat. §§ 97-25.1 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Subject to a reasonable attorney's fee approved herein, Defendants shall pay temporary total disability benefits at the compensation rate of $197.16 beginning August 13, 2007, and continuing until further order of the Commission. All past due disability benefits to the date of this Award shall be paid in lump sum. Future disability benefits shall be paid weekly.
2. Defendants shall pay the medical expenses incurred or to be incurred by Plaintiff as a result of her compensable injury, including an evaluation by a psychiatrist, when bills for the same have been submitted in accordance with Industrial Commission procedures.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due Plaintiff in paragraph 1 is hereby approved for Plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the accrued compensation due Plaintiff shall be deducted from and paid in one lump sum directly to Plaintiff's counsel. Thereafter, every fourth (4th) compensation check shall be paid to Plaintiff's counsel.
4. Defendants shall pay the costs.
This the 7th day of April, 2010. *Page 8 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1